FILED
97 MAR 17 PM 4:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 17 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NATIONWIDE MUTUAL FIRE }
INSURANCE COMPANY,, }
    }
    Plaintiff and Counter- } CIVIL ACTION NO.
    claim Defendant, }
    } 96-AR-2226-S
vs. }
    }
JAMES RICKY COLE, }
    }
    Defendant and Counter-
    claimant.



## MEMORANDUM OPINION

The court has before it a motion for summary judgment filed by plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), in the above-entitled declaratory judgment action. Nationwide wants this court to tell it what, if any, obligations it has to defend and indemnify defendant James Ricky Cole ("Cole"), in a pending state court action, namely *Beasley v. Cole, et al.*, CV-95-09093 (Cir. Ct. of Jefferson County, Ala.).[1] In addition,

---

[1] This court is dumbfounded by the contradictions between Nationwide's motion for summary judgment and its reply brief to Cole's response. Nationwide states in its reply brief that "[p]laintiff's declaratory judgment action is the plaintiff's attempt to resolve coverage questions that effect [sic] the *indemnity* issue." (Nationwide's Reply Brief at ¶ 2). In contradiction, Nationwide says in its motion for summary judgment that it "filed the declaratory judgment action for a determination of its obligation to defend the lawsuit under the provisions of the policy of insurance." (Nationwide's Motion for Summary Judgment at ¶ 10). It is clear to this court that Nationwide seeks a declaration that it has neither a duty to defend nor a duty to indemnify Cole. Nationwide is either being disingenuous or was asleep.

19

Cole alleges in his counter-claim that Nationwide breached its insurance contract with Cole and committed the tort of bad faith. Nationwide's motion for summary judgment is due to be granted in part and denied in part. Because this court cannot raise a motion for summary judgment sua sponte, it will grant a motion filed by Cole for leave to file a motion under Rule 56 if such a motion is filed within 14 days.

### I. Pertinent Undisputed Facts

On or about December 2, 1994, a vehicle owned by Cole was allegedly involved in an accident. At that time, and at all times relevant to the instant action, Cole was insured by Nationwide. The insurance provided comprehensive automobile coverage to Cole for property damage and bodily injury liability resulting from an accident in which Cole or the vehicle may have been involved. The policy provides property damage and bodily injury coverage to:

> (a) <u>the Policyholder</u>; (b) any resident of the same household; and (c) <u>any person or organization legally responsible for the use of the described automobile, provided the actual operation or (if he is not operating) the other actual use thereof is with the permission, expressed or implied, of the Policyholder</u> or his spouse if such a resident and is within the scope of such permission.

(Nationwide's Notice of Filing Evidence Ex. 2 at 1)(emphasis added).

At the time of the subject accident the automobile was

2

driven by Cole's housekeeper. Cole and Nationwide both assert that the housekeeper's use of the car was without either express or implied permission from Cole. A state court action has been filed against Cole asserting otherwise.

On or about December 29, 1995, Cynthia Diane Beasley ("Beasley"), the driver of the other car involved in this accident, filed a lawsuit against Cole alleging negligence and/or wantonness on the part of Cole that resulted in injuries and damages to Beasley. The state court cause of action alleges that Cole caused or allowed a motor vehicle to collide with Beasley's vehicle. Before and subsequent to Beasley's filing of the state court action, Cole notified Nationwide of the accident and made a claim seeking a defense and indemnity.

On or about April 8, 1995, Nationwide gave Cole notice that it was defending the claim pursuant to a reservation of rights. Accordingly, Nationwide has provided Cole a defense. However, due to inadvertence a default judgment was entered against Cole in the state court action. The default judgment has been set aside, and Cole's counsel in the state court proceeding, paid by Nationwide, has filed a motion for summary judgment, still pending.

Nationwide brings this declaratory judgment action to determine its obligation to defend and indemnify Cole.

3

## II. Analysis

### A. Rule 56

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). The obvious was stated by the Eleventh Circuit as follows: "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). Nationwide has invoked Rule 56.

### B. Duty to Defend/Indemnify

The question is whether Nationwide has a duty to defend Cole and therefore, possibly an obligation of indemnification. An insurance company's duty to defend is broader than its duty to indemnify. See USF&G v. Armstrong, 479 So. 2d 1164 (Ala. 1985). An insurance company's duty to defend its insured is determined by the language in the insurance policy and the allegations of the complaint giving rise to the action against the insured. See Ajdarodini v. State Auto Mutual Ins. Co., 628 So. 2d 312, 313 (Ala. 1993)(citations omitted). Thus, this court looks to the allegations in the tort complaint and to the language of the

insurance policy in order to ascertain Nationwide's duty to defend. *See American States Ins. Co.. v. Cooper*, 518 So. 2d 708, 709 (Ala. 1987). In determining Nationwide's duty to defend, the insurance contract must be construed liberally in favor of Cole and strictly against Nationwide. *See Tyler v. Insurance Co. of North America*, 331 So. 2d 641 (Ala. 1976). Furthermore, the exclusions that are contained within the insurance policy are to be interpreted as narrowly as possible so as to provide maximum coverage for Cole. *See Alliance Ins. Co. v. Reynolds*, 494 So. 2d 609 (Ala. 1986).

The *Beasley* complaint asserts claims for "Negligence" and "Wantonness." Beasley argues that Cole negligently caused or allowed a motor vehicle to collide with Beasley's vehicle. In addition, Beasley argues "that [Cole] wantonly struck [Beasley] and left the scene of the accident." (Nationwide's Compl. Ex. 1 at ¶ 12 & 14).

This court must scrutinize the language in the insurance policy to ascertain whether the allegations alleged in the *Beasley* complaint are covered. According to the policy terms, Nationwide agrees:

> [t]o pay all sums which <u>those entitled to protection</u> become legally obligated to pay as damages arising out of the ownership, maintenance or use, including loading and unloading of the described automobile because of: (1) destruction or damage of property including loss of use

5

>    thereof; (2) bodily injury, sickness, disease or death of
>    any person . . . .
>
>    <u>Those entitled to protection under these Coverages C(1) and
>    C(2) are (a) the Policyholder</u>; (b) any resident of the same
>    household; and (c) any person or organization legally
>    responsible for the use of the described automobile,
>    provided the actual operation or (if he s not operating) the
>    other actual use thereof is with the permission, expressed
>    or implied, of the Policyholder or his spouse if such a
>    resident and is within the scope of such permission.

(Nationwide's Notice of Filing of Evidence Ex. 2 at 1). Thus, the relevant inquiry before the court is whether Beasley alleges that Cole, the policyholder, is legally obligated to pay damages arising out of his *ownership, maintenance or use* of the described automobile.

Nationwide asserts that, because the housekeeper was driving Cole's car, and because the use was allegedly without the permission, express or implied, of Cole, it has no duty to defend or indemnify Cole. Such is not the case. Examining the language in the <u>complaint</u> in relation to the policy language, it is clear to this court that Nationwide has both duties to defend and indemnify Cole.

The Beasley state court complaint alleges that Cole negligently and/or wantonly caused or allowed the accident. Thus, the complaint distinctly alleges that Cole is liable either because of his ownership and/or use of the described automobile. Nationwide's argument that coverage is not afforded unless the

6

driver is the policyholder or has permission is inapposite to the policy language. The policy provides coverage to the policyholder if he becomes legally obligated to pay damages arising out of his ownership or use of the described automobile. Nowhere in the policy does it limit the policyholder's coverage to when he is driving the car. Accordingly, because it is clear that Nationwide owes Cole both a duty to defense and indemnification in the *Beasley* state court action, Nationwide's motion for summary judgment as to the declaratory judgment action is due to be denied.

### C. Bad Faith & Breach of Contract

This court turns now to address Nationwide's motion for summary judgment as to Cole's counter-claims for Breach of Contract and Bad Faith. In order to establish a bad faith failure to pay claim, Cole has the burden to demonstrate the following:

> (a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the isnurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*Blackburn v. Fidelity and Deposit Co.*, 667 So. 2d 661, 667 (Ala.

1995)(quoting *National Sec. Fire & Casualty Co. v. Brown*, 417 So. 2d 179, 183)(Ala. 1982)). In addition, a claim for bad faith failure to defend will lie for failure to provide a defense if it was a benefit contracted for in the insurance policy and it was not provided. *See id.*

Cole asserts that, based upon a reading of the Beasley complaint and the insurance policy, "coverage should have been afforded." (Cole's Answer/Counterclaim at 4). This court agrees that coverage must be afforded and as such will deny Nationwide's motion for summary judgment on its request for a favorable declaratory judgment. However, Nationwide has not yet flatly denied Cole all coverage under the insurance policy. Instead, Nationwide has provided a defense under a reservation of rights and filed this action. In fact, the attorney's provided by Nationwide have filed a motion for summary judgment on behalf of Cole in the state court case. Accordingly, Cole has failed to meet his burden of establishing that Nationwide has intentionally refused to pay the insured's claim or to provide a defense. *See Safeguard Ins. Co. v. Angel Guardian Home*, 946 F. Supp. 221, 232 (E.D.N.Y. 1996).

Even if Cole had proven that coverage was totally denied, he has failed to demonstrate the complete absence of an arguable reason for filing a declaratory judgment action. Thus, based

8

upon the facts in this case, it is clear to this court that Cole has failed to meet his burden of demonstrating the requisite elements of a bad faith claim. He very well may have established his contract claim as to the other side of the Nationwide declaration coin, but simply denying Nationwide's Rule 56 motion does not dispose of the case. A Rule 56 motion by Cole might do it. Nationwide's motion for summary judgment as to Cole's counterclaim for bad faith is due to be granted and its motion as to the counterclaim for breach of contract is due to be denied.

DONE this 17th day of March, 1997.

/s/ Walt M. Acker
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT